J. Gregory Cahill (#012654)
gcahill@dickinsonwright.com
**DICKINSON WRIGHT PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Telephone: (602) 285-5000
Facsimile: (844) 670-6009
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Travelers Casualty Insurance Company of America, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| TB Excavation, LLC | |
| Defendant. | |

Plaintiff Travelers Casualty Insurance Company of America, by way of Plaintiff Travelers Casualty Insurance Company of America, by way of Complaint against Defendant TB Excavation, LLC, says:

**JURISDICTIONAL ALLEGATIONS**

1.  Plaintiff Travelers Casualty Insurance Company of America ("Plaintiff") is an insurance carrier organized under the laws of the State of Connecticut with a principal place of business at One Tower Square, Hartford, Connecticut. Plaintiff is authorized to transact business in the State of Arizona.

2.  Defendant TB Excavation, LLC ("Defendant") is a limited liability company organized under the laws of the State of Washington with a principal place of business at 8800 E. Raintree Drive, Suite 145, Scottsdale, Arizona. Defendant is authorized to transact business in the State of Arizona.

3. Upon information and belief, Touraj Vedadi is the sole principal of Defendant. Upon information and belief, Mr. Vedadi has a principal place of residence at 7521 E. Whistling Wind Way, Scottsdale, Arizona.

4. The amount in controversy between the parties is in excess of $75,000.

5. Jurisdiction is based on diversity of citizenship under 28 U.S.C. §1332.

**FACTS COMMON TO ALL COUNTS**

6. Plaintiff repeats, restates and realleges the allegations of Paragraphs 1 through 5 of this Complaint as if fully set forth herein.

7. Plaintiff issued a policy of general liability insurance to Defendant under Policy No. 680 4D979371 for the effective dates of September 12, 2014 through September 12, 2015 (the "Policy").

8. Plaintiff, by way of the Policy, provided insurance coverage for certain liabilities of Defendant pursuant to the terms and conditions of the Policy for the effective dates of the Policy.

9. Initial estimated premiums for the Policy at the time of issuance are based on estimated payroll submitted by Defendant and/or Defendant's insurance broker to Plaintiff. As a result, the Policy is subject to post-expiration audit to determine actual payroll during the effective dates and the final earned premiums chargeable to Defendant. The audit can result in additional premiums owed by Defendant or return premiums payable by Plaintiff.

10. The total earned premium, including audit premium for the Policy is $237,406.

11. Defendant paid $7,970 towards the Policy.

12. Defendant was entitled to a credit due to the Policy being cancelled early of $2,307.

13. Due to Defendant's failure to remit payment in a timely fashion, a late fee of $10 was assessed to Defendant.

14. The outstanding balance for the Policy is $227,139 owed by Defendant to Plaintiff.

15. Defendant has failed and refused to remit payment of the remaining $227,139 due Plaintiff.

16. Prior to filing the instant litigation, Plaintiff demanded payment of the balance owed by Defendant and attempted to collect same without success.

17. Defendant has failed, refused and continues to refuse to pay the balance due and owing to Plaintiff thereby resulting in damages to Plaintiff in the amount of $227,139, plus interest, attorney fees and costs.

## COUNT ONE

### (Breach of Contract)

18. Plaintiff repeats, restates and realleges the allegations of Paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. The Policy is a written contract.

20. By failing and refusing to remit payment of the amount owed to Plaintiff, Defendant has breached the contract.

21. As a direct result of Defendant's breach, Plaintiff has suffered damages in the amount of $227,139, plus interest, attorney fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendant in the amount of $227,139 together with interest, attorney fees, costs and such further relief as this Court deems just and proper.

## COUNT TWO

### (Unjust Enrichment)

22. Plaintiff repeats, restates and realleges the allegations of Paragraphs 1 through 17 of this Complaint as if fully set forth herein.

23. Plaintiff has provided insurance coverage and related services to Defendant for which Defendant has refused to pay. Defendant, as a result of its refusal, has been unjustly enriched to Plaintiff's detriment.

24. Plaintiff has repeatedly demanded that Defendant remit payment of the amount due and owing to Plaintiff.

25.     Defendant has failed, refused and continues to refuse to pay the balance due and owing to Plaintiff thereby resulting in damages to Plaintiff in the amount of $227,139, plus interest, attorney fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendant in the amount of $227,139 together with interest, attorney fees, costs and such further relief as this Court deems just and proper.

## COUNT THREE

### (Account Stated)

26.     Plaintiff repeats, restates and realleges the allegations of Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27.     Defendant, being indebted to Plaintiff upon accounts stated between them, promised to pay Plaintiff upon demand.

28.     Plaintiff has repeatedly demanded that Defendant remit payment for the amount owed by Defendant to Plaintiff.

29.     Defendant has failed, refused and continues to refuse to pay the balance due and owing to Plaintiff thereby resulting in damages to Plaintiff in the amount of $227,139, plus interest, attorney fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendant in the amount of $227,139 together with interest, attorney fees, costs and such further relief as this Court deems just and proper.

DATED this 21st day of August 2018.

**DICKINSON WRIGHT PLLC**

By: /s/ J. Gregory Cahill
   J. Gregory Cahill
   *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on **August 21, 2018**, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

                                                                s/ J. Gregory Cahill

PHOENIX 60304-3 487839v1