# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Travelers Casualty Insurance Company of America,<br><br>                Plaintiff,<br>v.<br>TB Excavation LLC,<br><br>                Defendant. | No. CV 18-02645 PHX SPL CDB<br><br>**ORDER** |

Defendant's default was entered October 1, 2018. (ECF No. 15). On November 5, 2018, default judgment in the amount of $227,139.00 plus costs and interest from the date of judgment was entered against Defendant. (ECF No. 17).

**IT IS ORDERED that** Plaintiff's Motion to Compel Responses to Judgment Creditor's Discovery Requests (ECF No. 25) is **granted in part denied in part as provided herein**. Accordingly,

**IT IS FURTHER ORDERED that**:

1. Within ten (10) days of the date this order is docketed Defendant TB Excavation LLC ("Judgment Debtor") shall serve on Plaintiff ("Judgment Creditor") full, complete and honest responses to Travelers Casualty Insurance Company of America's First Set of Post-Judgment Document Requests to TB Excavation, LLC (ECF No. 25-4 at 14-23) and Travelers Casualty Insurance Company of America's First Set of Post-Judgment Interrogatories to TB Excavation, LLC (ECF No. 25-4 at 2-12); and

2. Within ten (10) days of the date this order is docketed Judgment Debtor shall serve full, complete and honest responses to Judgment Creditor's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (ECF No. 25-4 at 25).

**IT IS FURTHER ORDERED that** within ten (10) days of the date this order is docketed **Touraj Vedadi**, the principal of Defendant TB Excavation, LLC, shall serve full, complete and honest responses to Judgment Creditor's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (ECF No. 25-4 at 25-32).

**IT IS FURTHER ORDERED that** Judgment Creditor may be awarded attorney's fees and costs related to Judgment Creditor's First Set of Post-Judgment Document Requests, Judgment Creditors' First Set of Post-Judgment Interrogatories, Judgment Creditor's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, and the motion at ECF No. 25, upon submission of an appropriate certifications of service.

The motion at ECF No. 25 is **denied** insofar as it asks the Magistrate Judge to order that a warrant for the arrest of TB Excavation, LLC's principal, Touraj Vedadi, may be issued without further notice if TB Excavation, LLC or Touraj Vedadi fail to comply with this Order, because the Magistrate Judge is without the authorization to grant this relief.

A magistrate judge's civil-contempt power is governed by 28 U.S.C. § 636(e). The statute states that when an

> act constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

*Id.* at § 636(e)(6)(B)(iii). Absent the consent of all of the parties, a magistrate judge does not have the authority to issue a civil contempt order or a warrant for the arrest of a civil

litigant, and the magistrate judge must refer contempt proceedings stemming from out-of-court action or inaction to a district court judge. *See Wallace v. Kmart Corp.*, 687 F.3d 86, 91-92 (3d Cir. 2012); *Bowens v. Atlantic Maint. Corp.*, 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008); *Ferrara v. Metro D Excavation & Found., Inc.*, 2012 WL 6962214, at *1 (E.D.N.Y. 2012); *Wilhelm v. Yott*, 2009 WL 2244178, at *3 (E.D. Cal. 2009), *citing Bingman v. Ward*, 100 F.3d 653, 656-57 (9th Cir. 1996).

> Despite the clarification of magistrate judges' contempt authority with the passage of the Federal Courts Improvement Act of 2000, *see* 28 U.S.C. § 636(e)(2), a magistrate judge in a non-consent case must certify the contempt issue to a district judge "where—the act constitutes a civil contempt[.]" 28 U.S.C. § 636(e)(6)(B)(iii); *Bingman v. Ward*, 100 F.3d at 658 n.1 (9th Cir. 1996) ("We have throughout this opinion limited ourselves to criminal contempt orders. We have done so because that is what is before us. Nothing we have said should be taken to be an adumbration of our views regarding the jurisdiction of magistrate judges in civil contempt proceedings.").

*Parenteau v. Prescott Unified Sch. Dist.*, 2010 WL 729101, at *3 (D. Ariz. 2010).

**IT IS FINALLY ORDERED that** Plaintiff shall serve this Order on Defendant and docket notice and proof of said service with the Court.

Dated this 2nd day of October, 2019.

Camille D. Bibles
United States Magistrate Judge